Judge: Hon. Benjamin H. Settle

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES T. NORVELL,<br><br>        Plaintiff,<br><br>v.<br><br>BNSF RAILWAY COMPANY, a<br>Delaware corporation,<br><br>        Defendant. | Case No.: 3:17-cv-05683-BHS<br><br>**PLAINTIFF JAMES NORVELL'S OPPOSITION TO BNSF RAILWAY COMPANY'S MOTION TO STRIKE LATE DISCLOSED EXPERT**<br><br>NOTE ON MOTION CALENDAR: OCT. 29, 2021 |

## I.  INTRODUCTION

Were it not for BNSF's material discovery failures in 2019, this case would have long been resolved. BNSF's Motion to Strike should be denied because: (1) Plaintiff properly and timely disclosed expert Jim C. Scott in full compliance with Fed. R. Civ. P. 26(a)(2)(D); (2) BNSF consented to the disclosure of Mr. Scott in the parties' Agreed Pretrial Statement filed with the Court on March 2, 2020; (3) Plaintiff's retention of Mr. Scott was necessitated by BNSF's 2019 eve-of-trial disclosure of the locomotive Event Data Recorder (EDR) download, material evidence it had been aware of for more than four years; (4) BNSF knowingly and willfully withheld the EDR evidence until five calendar days before trial; 5) the Court ordered that Plaintiff had the right to retain an expert to review and analyze the EDR; (6) the testimony to be offered by Mr. Scott is

Jeff R. Dingwall
EIGHT & SAND
550 W B Street, Fourth Floor
San Diego, CA  92101
619-796-3464
jeff@eightandsandlaw.com

distinct from that to be offered by non-retained lay witness Howard Allington; and (7) BNSF can claim no prejudice because it has its own retained witness who it designated to testify on the same or similar topics as Mr. Scott.

BNSF should not gain advantage in this trial through its own misdeeds and its Motion should be denied in its entirety so that the jury may render a verdict based upon the full truth.

## II.    SUMMARY OF RELEVANT FACTS

Plaintiff James Norvell filed this action on August 30, 2017, (ECF No. 1), and the Court issued a scheduling order on December 14, 2017, setting trial for September 17, 2019. ECF No. 16. Defendant BNSF has known since the emergency braking event on July 13, 2015, that it had a duty to preserve and protect all relevant Electronically Stored Information ("ESI"), including the Locomotive 2339 event recorder data ("ERD"). *Hausman v. Holland Am. Line-U.S.A.*, CV13-0937 BJR, 2016 WL 51273, at *9 (W.D. Wash. Jan. 5, 2016)("It is black letter law that a party's duty to preserve evidence arises when he knows or reasonably should know that the evidence is relevant and when prejudice to an opposing party is foreseeable if the evidence is destroyed."). Further, Plaintiff's counsel sent BNSF an evidence preservation letter on April 26, 2017. ECF No. 110-2, Letter of Representation to BNSF. BNSF was unquestionably aware of the EDR from the outset because it presented some form of the purported download data at Plaintiff's disciplinary hearing on August 10, 2015, and also cited the data in its Fed. R. Civ. P. 26 Initial Disclosures on January 18, 2018. ECF No. 110-3, BNSF Initial Disclosures 1/18/18.

Plaintiff Made Numerous Efforts To Obtain The Download Data Through Discovery

Plaintiff served Interrogatories and Requests for Production of Documents on Defendant on February 9, 2018. ECF Nos. 110-1, 110-5, 110-6. Among other things, Plaintiff specifically

PLAINTIFF JAMES NORVELL'S OPPOSITION TO BNSF RAILWAY
COMPANY'S MOTION TO STRIKE LATE DISCLOSED EXPERT - 2
(3:17-CV-05683 -BHS)

Jeff R. Dingwall
EIGHT & SAND
550 W B Street, Fourth Floor
San Diego, CA  92101
619-796-3464
jeff@eightandsandlaw.com

requested "all documents used, referred to, or relied upon by BNSF in identifying, investigating, responding to, evaluating, and handling the incident involving Plaintiff and Locomotive 2339 which occurred on or about July 12, 2015. ECF No. 110-6 at Request No. 11. Of course, BNSF never produced the EDR and, more notably, after a series of meet and confer efforts initiated by Plaintiff, as well as motions brought before the Court, BNSF represented to Plaintiff's counsel that it was not withholding any responsive discovery. Having spent a year attempting to obtain full discovery, Plaintiff had little choice but to accept this representation and move forward with the case.

BNSF moved for summary judgment and, after the motion was substantively denied, BNSF unsuccessfully moved, on two occasions, to continue the trial date. ECF Nos. 60, 79. Then, on Thursday, September 12, 2019, just five calendar days before trial, BNSF's counsel notified Plaintiff's counsel that EDR from Locomotive 2339 had just been "discovered" on the laptop of one of the Company's managers. ECF No. 103 at *1-2. A portion of this purported data was served on Plaintiff later that day but with no context or underlying raw data. *Id*.

Plaintiff then brought a Motion for an Emergency Hearing regarding this eleventh-hour surprise evidence. ECF No. 103. The Court held a telephonic hearing with all counsel on September 13, 2019, during which it was agreed that a trial continuance was necessary in order for Plaintiff to conduct further discovery into the EDR. ECF No. 105. The parties filed a stipulation to continue the trial date on September 16, 2019. ECF Nos. 106, 107.

To be clear, BNSF "found" and disclosed this material evidence *more than four years* after BNSF relied on its interpretation of this data to terminate Mr. Norvell, *more than two years* after the case was filed, *more than a year* after Plaintiff's discovery requests sought the information.

PLAINTIFF JAMES NORVELL'S OPPOSITION TO BNSF RAILWAY
COMPANY'S MOTION TO STRIKE LATE DISCLOSED EXPERT - 3
(3:17-CV-05683 -BHS)

Jeff R. Dingwall
EIGHT & SAND
550 W B Street, Fourth Floor
San Diego, CA 92101
619-796-3464
jeff@eightandsandlaw.com

and, coincidentally, just weeks after its efforts to continue the trial date were denied by the Court. *See* ECF No. 79. And BNSF knew full well when it disclosed this evidence that analysis of the EDR would require proprietary software and a third-party expert - which clearly could not have been accomplished in the five days before trial. *See* ECF No. 120 (Order Granting in Part and Denying in Part Plaintiff's Motion to Compel).

Most egregiously, BNSF claims that it "found" this material evidence on the laptop of Dwight Lathim, the very BNSF manager who testified in his May 15, 2019, deposition that he "immediately" downloaded the EDR from Locomotive 2339 on July 13, 2015, that he reviewed the data, and that it showed that that Mr. Norvell was traveling too fast and that Locomotive 2339 exhibited "no stopping issues whatsoever." Ex. A to Dec. of Jeff R. Dingwall at 13:17-24, 17:11-18:11, 49:11-16. It's anyone's guess then why it took BNSF *more than four years* to think to look at the laptop of the man who was in possession of the EDR from day one. In any event, BNSF's actions and inactions created the need for Plaintiff to find and retain an expert. To avoid prejudice to the Plaintiff, the jury must be afforded the opportunity to hear the full facts and truth regarding the EDR. *See* ECF No. 120 at *2 (The Court ruled "Norvell has a right to hire his own expert and BNSF has an obligation to get the information to Norvell's expert" and "BNSF must also make available the software to convert the raw data into a usable format.").

## III. PLAINTIFF'S DISCLOSURE OF EXPERT JIM C. SCOTT IS IN FULL COMPLIANCE WITH FED. R. CIV. P. 26(a)(2)(D).

After BNSF's material discovery failures necessitated a trial continuance, the Court issued a new scheduling order on September 17, 2019, setting trial for December 3, 2019, but did not establish any new dates for expert disclosures. ECF No. 108. The Court subsequently informed the parties at the November 18, 2019, pretrial conference that it was continuing the trial to March

PLAINTIFF JAMES NORVELL'S OPPOSITION TO BNSF RAILWAY
COMPANY'S MOTION TO STRIKE LATE DISCLOSED EXPERT - 4
(3:17-CV-05683 -BHS)

Jeff R. Dingwall
EIGHT & SAND
550 W B Street, Fourth Floor
San Diego, CA 92101
619-796-3464
jeff@eightandsandlaw.com

24, 2020, due to calendar conflicts, (*see* ECF No. 124), but the Court did not issue a new scheduling order or set any other deadlines for expert disclosures.

The March 24, 2020, trial date was then vacated due to the COVID-19 pandemic and a Notice of Rescheduled Trial was issued by the Court on March 11, 2020, setting trial for October 27, 2020. ECF No. 139. The Court did not issue a new scheduling order or set any other deadlines for expert disclosures. On September 4, 2020, the Court issued another notice resetting the trial to November 30, 2021, due to court closures caused by COVID-19. ECF Nos. 141, 142. The Court did not issue a new scheduling order or set any other deadlines for expert disclosures.[1]

Absent a stipulation or court order, Fed. R. Civ. P. 26 establishes that expert disclosures must be made "at least 90 days before the date set for trial." Fed. R. Civ. P. 26(a)(2)(D). Plaintiff served its expert disclosure of Jim C. Scott on September 1, 2021, 90 days before the date set for trial, in full compliance with Rule 26. Yet, in the more than seven weeks since receiving Plaintiff's expert disclosure, BNSF has made no effort to take Mr. Scott's deposition or rebut his report and now, quite ironically, complains through its Motion that its counsel "is busy preparing for trial" and should not be expected to have to address at trial the opinions of an expert necessitated by BNSF's own last-minute conduct. *See* ECF No. 144 at *9. It should also be noted, in response to BNSF's cries of "prejudice," that it has retained Brian Heikkela to offer testimony that:

> Plaintiff's train handling of Locomotive 2339 on or about July 12, 2015 and July 13, 2015 in Willbridge Yard was unsafe and was inconsistent with BNSF and Federal Railroad Administration rules, practices, procedures and training provided to BNSF locomotive engineers. He may further testify regarding the formal disciplinary process at BNSF and that Plaintiff's dismissal from BNSF

---

[1] On July 7, 2021, the Court issued a notice establishing deadlines for Pretrial documents and scheduling the Pretrial Conference only.

Jeff R. Dingwall
EIGHT & SAND
550 W B Street, Fourth Floor
San Diego, CA 92101
619-796-3464
jeff@eightandsandlaw.com

was consistent with BNSF's rules, practices, procedures and training for BNSF locomotive engineers and was justified. He may also testify that BNSF's disciplinary process with regard to Plaintiff was conducted in a manner consistent with BNSF's rules, practices, and procedures.

ECF No. 137 at *5. In fact, Mr. Heikkela was present for and participated in the review and downloads of the EDR for Mr. Scott at the office of BNSF's counsel in accordance with the Court's directive. *See* ECF No. 120. There is simply no basis for BNSF to claim that it is disadvantaged in any way by the timely disclosure of Mr. Scott.

## IV. BNSF EXPRESSLY CONSENTED TO PLAINTIFF'S DISCLOSURE OF EXPERT JIM C. SCOTT IN THE PARTIES' AGREED PRETRIAL STATEMENT.

Pursuant to the Court's initial Scheduling Order, (ECF No. 17), the parties prepared and filed an Agreed Pretrial Statement consistent with L.R. 16 to address, among other things, the number of expert witnesses for each party and the issue(s) upon which each will testify. *See* L.R. 16.1; ECF No. 137. In that Agreed Pretrial Order, Plaintiff set forth Howard Allington as a non-retained lay witness and Jim C. Scott as a retained expert, as well as the issues upon which they are each expected to testify. ECF No. 137 at *2. It is disingenuous for BNSF to now claim surprise or otherwise dispute the right of Plaintiff to call Mr. Scott at trial.

BNSF's position that Mr. Scott's opinions are somehow duplicative of Plaintiff's non-retained lay witness Howard Allington is also rather obtuse. *See* ECF No. 144 at *6-7. First, the Court explicitly recognized the need and right of Plaintiff to retain an expert to address the late disclosed EDR. ECF No. 120 at *2 ("Norvell has a right to hire his own expert and BNSF has an obligation to get the information to Norvell's expert."). Second, Mr. Allington was disclosed prior to Plaintiff ever being aware that the EDR data was still in existence. Third, Mr. Allington lacks the qualifications to review and analyze the EDR data. Fourth, the parties agreed in their Pretrial

PLAINTIFF JAMES NORVELL'S OPPOSITION TO BNSF RAILWAY
COMPANY'S MOTION TO STRIKE LATE DISCLOSED EXPERT - 6
(3:17-CV-05683 -BHS)

Jeff R. Dingwall
EIGHT & SAND
550 W B Street, Fourth Floor
San Diego, CA 92101
619-796-3464
jeff@eightandslaw.com

Order to: one expert witness on the issue of locomotive/train handling; one expert witness on the issue of the application of BNSF rules thereto; and one expert witness as to the disciplinary process at BNSF. *See* ECF No. 137. Plaintiff's disclosure of both Mr. Allington and Mr. Scott is in keeping with this agreement.

Mr. Allington may be called to offer testimony regarding train handling at BNSF but also about "the formal disciplinary process at BNSF and that Plaintiff's dismissal from BNSF was not consistent with BNSF's rules, practices, procedures and training for BNSF locomotive engineers and was not justified." ECF No. 123 at *3. Mr. Scott may be called to testify "regarding Plaintiff's handling of Locomotive 2339 on or about July 12, 2015 in Willbridge Yard and may further offer testimony regarding the data from the Event Data Recorder from Locomotive 2339 and offer opinions regarding the same, as well as testimony regarding the condition of Locomotive 2339 before, during, and after its operation on or about July 12, 2015." *Id*.

While there may be some connection between the testimony of Mr. Allington and Mr. Scott, it is clear that the two disclosed witnesses will address different issues which are germane to the matters in dispute. For example, Mr. Allington may be called to testify about train handling based upon his experience as a BNSF locomotive engineer, whereas Mr. Scott may be called to testify about the train handling of Mr. Norvell during the incident in question based upon his review of the locomotive EDR from the incident. Such testimony is entirely proper and, if BNSF feels otherwise, it is free to raise an objection at trial. In sum, Plaintiff does not intend to offer cumulative evidence through these two witnesses or otherwise seek to elicit testimony from one that has been or will be covered by the other.

///

Jeff R. Dingwall
EIGHT & SAND
550 W B Street, Fourth Floor
San Diego, CA 92101
619-796-3464
jeff@eightandsandlaw.com

## V.    BNSF IS FREE TO TAKE THE DEPOSITION OF MR. SCOTT.

While BNSF has waived its opportunity to rebut Mr. Scott's report, (Fed. R. Civ. P. 26(a)(2)(D)(ii)), Plaintiff's counsel remain willing and able to facilitate the deposition of Mr. Scott. As BNSF has had Mr. Scott's report for almost two months, as BNSF has its own retained witness on the same or similar topics, as there is more than a month before trial, and as a remote deposition could quickly and easily be setup, there is no basis for BNSF to claim prejudice or that it lacks the ability to accomplish such a deposition.

### CONCLUSION

For the reasons set forth above, Plaintiff requests that BNSF's Motion to Strike be denied in its entirety, and that Mr. Scott is permitted to testify at trial.

RESPECTFULLY SUBMITTED this 25th day of October, 2021.

*s/ Jeff R. Dingwall*
Jeff R. Dingwall (CA #265432)
EIGHT & SAND
550 W B Street, Fourth Floor
San Diego, CA 92101
T: (619) 796-3464/F: (619) 717-8762
E: jeff@eightandsandlaw.com
*Pro hac vice*

*s/ Elizabeth Quick*
Elizabeth Quick (WSBA #28869)
QUICK LAW GROUP PLLC
1621 114th Avenue SE, Suite 228
Bellevue, Washington 98004
T: (425) 576-8150/F: (206) 694-2587
Email: liz@quicklawgrouppllc.com
*Attorneys for Plaintiff*

PLAINTIFF JAMES NORVELL'S OPPOSITION TO BNSF RAILWAY
COMPANY'S MOTION TO STRIKE LATE DISCLOSED EXPERT - 8
(3:17-CV-05683 -BHS)

Jeff R. Dingwall
EIGHT & SAND
550 W B Street, Fourth Floor
San Diego, CA 92101
619-796-3464
jeff@eightandsandlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on the date below written, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system and caused to be served a true and correct copy of the same to the parties of record below:

W. Chris Harrison
Appearing Pro Hac Vice
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
International Place, Tower II
6410 Poplar Avenue, Suite 300
Memphis, TN 38119
Tel: (90) 766-4311
Fax: (901) 767-7411
Chris.harrison@ogletree.com

*Attorneys for Defendant BNSF*
*Railway Company*

Denise L. Ashbaugh
ARETE LAW GROUP PLLC
1218 Third Avenue, Suite 2100
Seattle, WA 98101
Phone: (206) 428-3250
Fax: (206) 428-3251
dashbaugh@aretelaw.com

DATED:   October 25, 2021

*s/ Shannon Liberio*
Shannon Liberio, Paralegal
Quick | Law Group, PLLC
1621 114th Avenue SE, Suite 228
Bellevue, WA 98004
(425) 576-8150

PLAINTIFF JAMES NORVELL'S OPPOSITION TO BNSF RAILWAY
COMPANY'S MOTION TO STRIKE LATE DISCLOSED EXPERT - 9
(3:17-CV-05683 -BHS)

Jeff R. Dingwall
EIGHT & SAND
550 W B Street, Fourth Floor
San Diego, CA 92101
619-796-3464
jeff@eightandsandlaw.com