1

2

3

4

5

The Honorable Benjamin H. Settle

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES T. NORVELL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY,<br><br>Defendant. | Case No.: 3:17-CV-05683-BHS<br><br>**DEFENDANT BNSF RAILWAY COMPANY'S OBJECTION TO VIDEO ZOOM JURY TRIAL**<br><br>**NOTED FOR HEARING:**<br>**Friday, November 5, 2021** |

15

16

17

        Defendant BNSF Railway Company ("BNSF") respectfully objects to holding the jury trial in this matter by zoom video and requests an in-person jury trial.

18

**I.      Introduction.**

19

20

21

22

23

24

25

26

        As the COVID-19 pandemic continues to wind down, both local governments and the courts have reopened to the public. Courts in the Western District of Washington have conducted in person jury trials safety under the protocols of the District under its General Orders. COVID-19 positive tests, hospitalizations and deaths are down significantly in Washington. Gen Order 10-21 (W.D. Wash. June 30, 2021). In Washington State, 78% of the population age twelve and up have received at least one dose of the vaccine, and 72.5% of the same population are fully vaccinated. https://www.doh.wa.gov/emergencies/covid19/datadashboard.   In the venire population for this Court, the following percentage of the population has been vaccinated:

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150, Seattle, WA 98101
Phone:  206.693.7057| Fax: 206.693.7058

| County | Fully Vaccinated (all residents) | Fully Vaccinated (18+ years of age) | Fully Vaccinated (65+ years of age) |
|--------|------------|------------|------------|
| Pierce | 56% | 68% | 85% |
| King | 71% | 83% | 90% |
| Thurston | 59% | 69% | 86% |
| Mason | 54% | 64% | 81% |
| Lewis | 46% | 55% | 72% |
| Yakima | 54% | 70% | 83% |
| Kitsap | 58% | 68% | 88% |

https://www.nytimes.com/interactive/2021/us/washington-covid-cases.html

Where reasonable control of COVID-19 is at hand, it would be more appropriate to conduct this trial in-person with the measures outlined in Gen. Orders 10-21 and 11-21 in place. BNSF believes an in-person jury trial is the best way to ensure fairness and to avoid many of the inherent problems with Zoom hearings.

## II.     Current Status of In-Person Trials in the Western District of Washington – General Orders 10-21 and 11-21.

On June 30, 2021, Chief United States District Judge Ricardo Martinez for the Western District of Washington issued General Order 10-21, which was intended to "address a change in Court policies given the significant reduction in the number of Coronavirus Disease 2019 (COVID-19) cases in this District" and reopen the courthouses for in-person hearings. Gen Order 10-21 (W.D. Wash. June 30, 2021) The Order found:

> In the last three months, the daily number of COVID-19 positive cases, hospitalizations, and deaths have significantly decreased in the Western District of Washington. State records show that a significant majority of adults in this district have now been fully vaccinated against the novel Coronavirus. All available research indicates that widely available vaccines provide significant protection against this disease. The Governor of the State of Washington has stated that the State will "reopen" after June 30, 2021.

Gen. Order 10-21, p. 1. The Order further held "the procedures of General Order 18-20 will no longer be continued. All civil, criminal, and bankruptcy in-person hearings and trials may proceed as scheduled. The courthouses are open to the public." Id. at p. 2. The Order outlined certain

DEFENDANT BNSF RAILWAY COMPANY'S
OBJECTION TO ZOOM.GOV TRIAL - 2
Case No. 3:17-CV-05683-BHS

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150, Seattle, WA 98101
Phone:  206.693.7057| Fax: 206.693.7058

1    protective measures for the participants, including mask wearing.[1]

2        Order 10-21 did find that "civil bench and jury trials may be conducted remotely over

3    Zoom.gov if good cause is established for such a procedure on a case-by-case basis, at the

4    discretion of individual judges." Id. at p. 3. This procedure is at the discretion of the Court;

5    however, the order indicates that an in-person trial should be held unless good cause is shown

6    otherwise. In the case of *Bao Xuyen Le v. Reverend Dr. Martin Luther King, Jr. County*, 524

7    F.Supp.3d 1113 (W.D. Wash. 2021), the District Court ruled that a civil case should proceed with

8    a Zoom jury trial over defendant's objections. However, since the decision in *Bao Xuyen Le* was

9    issued in March 2021, the circumstances we find ourselves in are dramatically different, as the

10   infection rates, hospitalizations and deaths have dropped dramatically, the Courts have re-opened

11   to the public, Washington State has generally reopened, vaccinations became widely available,

12   and the vaccination rate is very high. *See* Gen. Order 10-11 p. 1. Further, counsel for BNSF

13   understands that this Court has conducted in person jury trials in criminal cases since the pandemic

14   began without incident.

15   **III.    An In-Person Hearing for this Trial is Appropriate and Will Insure a Fair Trial.**

16       The use of Zoom trials may have been necessary at the beginning of the pandemic and

17   through early 2021 when there was so much uncertainty and fear, and the nation's court system

18   risked coming to a complete halt. However, currently the infection, hospitalization and death rates

19   are down significantly, and a very large portion of the population both nationally and in this district

20   have been vaccinated. The FDA further fully approved the Pfizer vaccine on August 23, 2021.

21   https://www.fda.gov/news-events/press-announcements/fda-approves-first-covid-19-

22   vaccine?s_cid=11700:covid%20vaccine%20fda%20approval:sem.ga:p:RG:GM:gen:PTN:FY22

23       The state of Washington is open to the public, as are the courts. As control of COVID-19

24   is at hand, it would be appropriate to conduct this trial in-person with the measures outlined in

25

26   [1] General Order 11-21 issued August 13, 2021 by Chief Judge Martinez of the Western District of Washington slightly modified certain protective measures for in-person trials including mask wearing, but otherwise did not change Gen. Order 10-21.

Gen. Orders 10-21 and 11-21 in place. BNSF believes an in-person jury trial is the best way to ensure fairness and to avoid many of the inherent problems with Zoom hearings, including:

**1.      The likelihood of inattention and lack of engagement from the jurors.**

There have been multiple examples of juror inattentiveness from the experience of other Zoom jury trials throughout the country that have been raised by the parties in trial and voire dire. *See Honeywell Int'l Inc.'s Notice of Irregularities at Remote Jury Trial from July 27-29, 2020*, Case No. RG19041182, at p. 2 (Sup. Ct. Cal., July 29, 2020) (jurors laying down, talking to other people off screen, working, and exercising during the trial); https://www.houstonchronicle.com/news/houston-texas/houston/article/Potential-Harris-County-jurors-vaping-doing-yoga-16252820.php  (vaping, doing yoga). Although there may be ways to try to alleviate the risk, it should not be necessary when an in-person trial can be conducted under the District's guidelines. Plaintiff has demanded a substantial amount of damages (even though the only issue at trial is garden variety emotional distress), and BNSF believes that a remote jury if not fully engaged will unfairly prejudice it in this case.

**2.      The loss of essential elements of in-person trials.**

There is a significant value to being in the courtroom to observe witnesses, interact socially with the other jurors in deciding the case, maintain the formality of the judicial process, and allow jurors to monitor their collective conduct during trial. That is difficult to replicate and safeguard in a virtual setting.

**IV.      Conclusion**

No good cause has been presented that a Zoom trial is necessary, or that an in-person trial cannot be conducted safely at this time in the Western District of Washington. The courtroom is large, jurors can be spread out over safe distances, jurors can remain masked, and safe courthouse screening processes are in place. BNSF does not believe a Zoom trial meets the standards for due process nor does it ensure the Defendant of the full protections afforded by the Seventh

DEFENDANT BNSF RAILWAY COMPANY'S
OBJECTION TO ZOOM.GOV TRIAL - 4
Case No. 3:17-CV-05683-BHS

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150, Seattle, WA 98101
Phone: 206.693.7057| Fax: 206.693.7058

1   Amendment to the United States Constitution. BNSF respectfully requests that the trial of this

2   matter proceed as an in-person hearing.

3

4          Respectfully submitted this 29th day of October, 2021.

5                                          OGLETREE, DEAKINS, NASH, SMOAK & STEWART,
6                                          P.C.

7                                          /s/ W.  Chris Harrison
                                           W. Chris Harrison, TN # 18698 (appearing *pro hac vice*)
8                                          International Place, Tower II
                                           6410 Poplar Avenue, Suite 300
9                                          Memphis, TN 38119
10                                         Phone: 901.766.4311
                                           Fax: 901.767.7411
11                                         Email: Chris.Harrison@ogletree.com

12                                         ARETE LAW GROUP PLLC

13                                         /s/ Denise L. Ashbaugh
14                                         Denise L. Ashbaugh, WSBA #28512
                                           1218 Third Avenue, Suite 2100
15                                         Seattle, WA 98101
                                           Phone:  206.428.3250
16                                         Fax:  206.428.3251
                                           Email: dasbaugh@aretelaw.com
17
18                                         *Attorneys for Defendant BNSF Railway Company*

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused true and correct copies of the foregoing document

to be served upon the following, at the addresses stated below, via ECF.


Elizabeth Quick
Quick Law Group
520 Kirkland Way, Suite 400
Kirkland, WA 98033
Tel. 425 576 8150
Fax 206 694 2587
Email:  liz@quicklawgroupllc.com
        shannon@quicklawgroupllc.com

Jeff R. Dingwall
Eight & Sand
110 West C Street, Suite 1903
San Diego, WA 92101
Tel. 619 796 3464
Fax 619 717 8762
Email:  jeff@eightandsandlaw.com
        shelby@eightandsandlaw.com

Attorneys for Plaintiff

Dated this 29th day of October, 2021 in Seattle, Washington.

                                     */s/ Janet C. Fischer*
                                       Janet C. Fischer
                                       Paralegal

DEFENDANT BNSF RAILWAY COMPANY'S    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
OBJECTION TO ZOOM.GOV TRIAL - 6            1201 Third Avenue, Suite 5150, Seattle, WA 98101
Case No. 3:17-CV-05683-BHS                   Phone:  206.693.7057| Fax: 206.693.7058