UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES T. NORVELL, <br><br> Plaintiff, <br><br> v. <br><br> BNSF RAILWAY COMPANY, <br><br> Defendant. | CASE NO. C17-5683 BHS <br><br> ORDER |

This matter comes before the Court on Defendant BNSF Railway Company's Motion to Strike Plaintiff James Norvell's Late Disclosed Expert, Dkt. 144. BNSF asserts that Norvell did not timely disclose expert Jim Scott and that Scott's expert report was untimely disclosed on September 1, 2021, some three months before trial. *Id.*

Norvell is a former BNSF Engineer. Dkt. 1 at 2. In July 2015, he was moving locomotive No. 2339 at a BNSF rail yard in Portland, Oregon. *Id.* He alleges that the locomotive would not brake or slow as he approached the yard, travelling downhill. *Id.* He alleges that, to avoid a potentially catastrophic accident, he put the locomotive in reverse and stopped the train, but his actions damaged the locomotive. *Id.* at 3. BNSF

ORDER - 1

investigated and ultimately commenced disciplinary proceedings against Norvell. *Id.* He was permanently dismissed,[1] and he sued in August 2017. Dkt. 1.

The trial in this case has been postponed multiple times. One such continuance related to BNSF's discovery and production of locomotive 2339's "event recorder data" ("ERD") on the eve of trial in September 2019, four years after the event. *See* Dkt. 103. In response to Norvell's emergency request, the Court continued the trial and permitted Novell to obtain a new expert on this topic. *See* Dkts. 103, 104, 106, 119, and 120. As part of the briefing and evidence surrounding that dispute, Norvell filed the Declaration of Jim Scott, Dkt. 119, which outlined his expertise and the importance of the ERD to understanding what happened on locomotive 2339.

Norvell similarly identified Scott as an expert witness on the handling of locomotive 2339 in the parties' March 2, 2020 Amended Agreed Pretrial Order, Dkt. 137, filed just before the trial was again continued due to COVID-19. Dkt. 139.[2] BNSF noted in that filing that it "objected" to Scott's inclusion as untimely, and it reserved the right to provide "additional and more formal objections" to his testimony. Dkt. 137 at 4 n.1. Until this motion, some nineteen months later, it has not done so.

BNSF's October 14, 2021 Motion to Strike is based on its claim that Scott's September 1, 2021 expert report was untimely and that it would be prejudiced in having

---

[1] An arbitrator reinstated Norvell, with back pay. *See* Dkt. 126 at 19 (transcript of September 13, 2019, pretrial conference, Dkt. 124). In this case, Norvell seeks non-economic damages.

[2] The October 27, 2020 trial date was similarly vacated because of the pandemic. Dkt. 142.

to depose Scott and potentially identify a rebuttal expert so close to trial. Dkt. 144. BNSF complains that these issues have been in the case since the beginning and that Norvell has already identified an expert witness on them (Howard Allington). Norvell points out that Scott was identified long ago, and that BNSF has already identified an expert on these issues (Brian Heikkela). Dkt. 147.

The Court concludes Norvell's disclosure of Scott was timely, and it is not persuaded that BNSF was or will be unfairly prejudiced by it. Scott was identified long ago, and his expert report was disclosed six weeks before BNSF moved to strike it. The lack of time to depose an expert who had been identified more than two years ago is largely BNSF's own doing. The Motion to Strike, Dkt. 144, is **DENIED**. Norvell shall make Scott available for deposition as soon as practicable, and BNSF is free to seek relief, if necessary, after that deposition.

IT IS SO ORDERED.

Dated this 10th day of November, 2021.

BENJAMIN H. SETTLE
United States District Judge