1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES T. NORVELL,

                           Plaintiff,

     v.

BNSF RAILWAY COMPANY,

                         Defendant.

CASE NO. 3:17-cv-5683-BHS

ORDER

This MATTER is before the Court on Plaintiff James Norvell's motion to re-tax costs, Dkt. 227.

After it prevailed at trial, Defendant BNSF Railway Company sought almost $31,000 in costs under Federal Rule of Civil Procedure 54(d)(1). Dkt. 215. Norvell objected, both as to specific requested costs and to the award of any costs, under the so-called *Escriba* factors, which are non-exhaustive: (1) the substantial public importance of the case; (2) the closeness and difficulty of the issues in the case; (3) the chilling effect on future similar actions; (4) the plaintiff's limited financial resources; and (5) the economic disparity between the parties. Dkt. 218 at 1 (citing *Escriba v. Foster Poultry Farms, Inc*., 743 F.3d 1236, 1247–48 (9th Cir. 2014)). He argued an award of costs that would leave

1   him indigent would be unjust and would have a chilling effect on similar actions. He

2   asked the Court to deny costs in its discretion. *Id.*

3       The Court Clerk agreed with several of Norvell's "line item" objections to BNSF's

4   cost bill and awarded costs in the amount of $12,554.31. Dkt. 226. The Clerk properly

5   recognized that it did not have the discretion to deny costs under Rule 54(d)(1) and the

6   *Escriba* factors. *Id.* at 2.

7       Norvell repeats his arguments in asking the Court to re-tax costs and to, in its

8   discretion, deny any award of costs. Dkt. 227. He argues that he sued to vindicate the

9   public policy in favor of saving a human life even if it violates a company rule, that the

10  issues were close and difficult, and that awarding costs against a losing plaintiff in a case

11  involving these important issues would chill future plaintiffs. He argues that the parties

12  have disparate economic circumstances, and, in the end, that he simply cannot afford to

13  pay costs on his $30,000 per year salary.

14      BNSF disputes that any of these factors support a denial of its requests for costs as

15  the prevailing party under Rule 54(d)(1). It points out that the losing party bears the

16  burden of demonstrating good cause for the denial of costs to the prevailing party. Dkt.

17  228 at 2 (citing *Stanley v. Univ. of So. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999)).

18      BNSF argues, as it successfully did to the jury and to the Court in response to

19  Norvell's motion for a new trial, that it terminated Norvell not for saving a life, but for

20  putting his train in a position where he had to take emergency action to do so. Thus, it

21  claims, Norvell's lawsuit did not raise matters of substantial public importance. *Id.*

22

1    It argues that the case was not difficult or a close call, notwithstanding the fact that

2    Norvell's claim survived summary judgment and required a trial. *Id.* at 2–3. Instead,

3    Norvell's claim and BNSF's responsive reason for terminating him after the incident

4    presented a factual dispute that was properly decided by the jury. BNSF argues that

5    awarding costs against Norvell would not have a chilling effect on meritorious future

6    cases, pointing to what it claims are similar employment cases awarding similar costs

7    where the unsuccessful plaintiff had income similar to Norvell's. *Id.* at 3. BNSF argues

8    that Norvell's financial straits are of his own making, based on his decision to leave

9    BNSF after he was reinstated. *Id.* at 3–4. It relies on persuasive authority awarding

10   $9,500 in costs against a plaintiff who made $60,000 annually and one awarding $2,000

11   in costs against a plaintiff making $35,000. *Id.* (citations omitted).

12   The Court agrees that the *Escriba* factors weigh against an award of costs against

13   Norvell in the amount BNSF seeks, or even in the amount awarded by the Clerk. At the

14   same time, these factors do not require that the Court decline to award any costs.

15   The most compelling reason for a significant discount on the costs the Clerk

16   determined were awardable under Rule 54(d)(1) is the undisputed fact that Norvell

17   cannot afford to pay them. It may be true that Novell would be in a better financial

18   situation had he not elected to leave BNSF, but that does not change the fact that an

19   award threatens to leave him indigent. And, while Norvell's view of the case did not

20   prevail, it is undisputable that he was seeking to assert a claim based in sound public

21   policy and, furthermore, that future such claimants would be chilled by a cost award that

22   would financially devastate the unsuccessful plaintiff.

1       Therefore, consistent with these authorities and the Court's own sense of fairness,

2   the Court will Re-Tax costs in the amount of $5,000.00 in BNSF's favor and against

3   Norvell.

4       **IT IS SO ORDERED.**

5       Dated this 20th day of April, 2022.

6

7

8                                               BENJAMIN H. SETTLE
                                                United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 4